```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

WICKER ET AL.                               CIVIL ACTION

VERSUS                                      NO: 07-9062

AMERICAN SECURITY INSURANCE                 SECTION: "R"(4)
COMPANY

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this case to state court.  For the following reasons, the Court GRANTS plaintiffs' motion.

### I.   BACKGROUND

Hurricane Katrina damaged Earl and Adriella Wicker's home in New Orleans, Louisiana.  On August 28, 2007, plaintiffs sued their homeowners insurer, American Security Insurance Company, in state court.  Plaintiffs seek damages for property damage to their home, defendant's breach of contract, and damages and penalties pursuant to La. Rev. Stat. §§ 22:1220 and 22:658.  On

November 21, 2007, American Security removed the case to federal court pursuant to 28 U.S.C. § 1332. Plaintiffs now move to remand this matter. Defendant opposes the motion, asserting that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The parties disagree as to whether the amount in controversy is satisfied under the requirements of Section 1332. *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as

of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. When, as here, the plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De*

*Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

**III. ANALYSIS**

As of the date of removal, the Wickers' state court petition did not allege a specific amount of damages. They did not claim that they were entitled to the full value of their homeowner's policy, only that they were not adequately compensated for damage to their property. In their petition, the Wickers did not describe the severity of the damage to their property or estimate the cost of repairs. In its notice of removal, American Security asserted that the amount in controversy requirement was met

because the object of the Wickers' suit was the total value of their homeowner's policy, minus the amount they have already been paid, which it asserts is $57,078.05. (R. Doc. 1 at 2; *see also* R. Doc. 8 at 2).  American Security thus rested its removal petition on an assertion as to the face value of the underlying policy, though there is no indication from the petition that the Wickers sought to recover the full value of the policy.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered).  Plaintiffs did not assert that the amount of their claim approaches or exceeds the policy limits, thus the remaining policy amount is not determinative of the amount in controversy.[1]

---

[1] The Court notes that plaintiffs filed a stipulation in the record noting that they will not seek or accept a judgment for more than $75,000. (R. Doc. 9).  The Court need not consider the stipulation, which is signed only by their attorney, because it finds that the jurisdictional facts as they were known at the time of removal were unambiguous.

5

In their petition, plaintiffs also seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658. Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220. However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Plaintiffs here do not allege in their petition an amount or type of damages, if any, that they sustained from American Security's breach, other than loss of use and enjoyment of property. (*See* Pl.'s Compl. ¶ 18). Under Section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of

6

satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added).

Based on the facts alleged in the Wickers' petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000.  American Security has submitted evidence that plaintiffs' house sustained four and half feet of flood water, but has stated that its policy only provided coverage for wind damage, not flood.  With no evidence as to the extent of the covered damage to plaintiffs' property, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this 20th day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE